953 F.2d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Godwin DIWRE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70354.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 14, 1992.*
Decided Jan. 27, 1992.
 
 Before CHOY, SCHROEDER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Godwin Diwre, a native and citizen of Nigeria, seeks review of the BIA's dismissal of his appeal from an Immigration Judge's order of deportation and denial of asylum.
 
 
 3
 Diwre was ordered deported for violation of his F-1 student status. The violation occurred because Diwre was arrested on charges of visa fraud and student loan fraud. Because he was in custody and not attending school full time he clearly violated his F-1 visa requirement that he be "pursuing a full course of study." 8 C.F.R. § 214.2(f)(5)(iii) (1984). Diwre's cessation of studies was the result of his own misconduct and, therefore, cannot be excused.
 
 
 4
 Substantial evidence supports the Immigration Judge's determination that Diwre lacks a well-founded fear of persecution to support his asylum claim. Diwre's professed fear of persecution at the hands of the military is unfounded. It rests on a single incident at an official checkpoint following a military coup. By Diwre's own testimony it is clear that he was not taken into custody following the incident and that military officials probably did not even know his identity.
 
 
 5
 Diwre's concern over the Ogoni Social Club, which appears to control a good deal of public life in the area where Diwre and his family live, similarly falls short of a well-founded fear of persecution. He supports the claim with two letters, one to himself and one to his wife, which express displeasure with accusations leveled by Diwre against members of the Club. As the government's brief points out, however, other members of Diwre's family, as well as members of his wife's family, including his mother and brother, are still living on land controlled by the Club and appear not to have been harmed or mistreated.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3